CUMBERLAND TELEPHONE & TELEGRAPH CO. v. RAILROAD COMMISSION OF LOUISIANA.

(Circuit Court, E. D. Louisiana, Baton Rouge Division.  September 18, 1907.)

No. 66.

INJUNCTION—FEDERAL COURTS—TEMPORARY RESTRAINING ORDER.

    The authority given to federal courts by Rev. St. § 718 [U. S. Comp. St. 1901, p. 580], to grant temporary restraining orders pending a motion for injunction, is expressly limited to cases "where there appears to be danger of irreparable injury," and will usually be exercised only to preserve the existing status.  Such an order will not be granted ex parte in a suit by a telephone company against a state commission empowered by the state Constitution to establish and regulate telephone rates to enjoin the commission from interfering to prevent the complainant from increasing its present rates of charge, where application for permission to make such increase has been made to the commission and denied after a hearing, the decision of the commission being entitled at least to be treated as prima facie correct.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 315.]

In Equity.  On application for temporary restraining order.

W. L. Granbery, for complainant.

SHELBY, Circuit Judge.  This suit is brought by the complainant, a corporation organized under the laws of Kentucky, against the defendant, a public corporation under the laws of Louisiana.  The complainant owns and operates a system of telephone lines in Louisiana. The defendant, the Railroad Commission of Louisiana, is empowered by the Constitution of that state to adopt, change, or make reasonable and just rates for telephone companies on their business between places within the state.

The original bill alleged that the existing rates of charges approved by the Commission do not give the complainant an adequate, just, and reasonable return or profit on its investment.  And it was specially averred (1) that the charges for night messages and Sunday messages were inadequate; and (2) that the charges for the use of cable lines under and across the Mississippi river are unreasonably low and inadequate.  It was averred that the complainant had applied to the Commission for leave to abolish the night and Sunday rates and to increase the charges for cable messages, and that the Commission had refused to take any action on the complainant's petition.  The complainant prayed in its original bill for an injunction restraining the Commission

from hindering the complainant from abolishing the half rates for night and Sunday business, and in making extra charges for cable messages. The Commission answered that it had declined to take any action on the petition of complainant because of the pending in this court of another suit—No. 61—of this complainant against the Commission relating to rates. 156 Fed. 823. Evidence was taken and the case was submitted for final decree, but no final decree was entered, as is shown by this excerpt from Judge Saunders' opinion:

"Inasmuch as the Commission has never officially acted upon the above stated application of complainant, I think that this court should decline to take action for the present and until the Railroad Commission has had an opportunity to consider and pass upon the matter. Especially am I of this opinion since the counsel for defendant have stated in open court that there is no disposition whatever on the part of the Commission to delay or evade action in this matter. The refusal of the Commission to act was bona fide, and was based, I think, upon sufficient reasons. Accordingly I shall take no action on this petition. The complainant will be referred to the Railroad Commission, who will consider and pass upon the application. If the complainant is dissatisfied with the ruling of the Commission, it will then have leave to renew and press its application for relief in this case under an amended and the original bill herein."

This order having been entered August 24, 1907, the complainant filed the amended bill September 12, 1907, which is now presented to me. The amended bill repeats the averments and prayer of the original bill, and makes the following additional averment:

"Your orator now states by way of amendment that on September 10, 1907, the defendant, the Railroad Commission of Louisiana, at a regular session in Baton Rouge, took up the question of permitting your orator to abolish its night and Sunday rate, and also its application to be permitted to charge ten cents (10) additional for each toll message through submarine cables and $5 for subscribers for direct line exchange service, and $1.50 for party line exchange service through submarine cables, and your orator presented as evidence the entire record in causes 61 and 66, and, in addition, presented the sworn statement of your orator's auditor, showing that the taxes to be paid by your orator during the year 1907 in the state of Louisiana would amount to $107,902.77, and that the increase for 1907 over 1906 would amount to $37,953.67. It was also shown that if your orator received each and every toll message at the day rate for night and Sunday service, the increased revenues per annum, both interstate and intrastate in Louisiana, would only amount to $40,233.48, and that if your orator were permitted to charge for submarine cable service, both long distance and exchange, at the rates hereinabove set out, and would receive each message at the increased rate, that the increase in revenues per annum would amount to $21,395.40. Your orator further states that on September 11, 1907, the Commission, without having before it, so far as your orator is aware, any additional facts or information, peremptorily declined to permit your orator to charge any additional amount whatever for toll service, or exchange service, through submarine cables, but did permit your orator to abolish its half rate for night and Sunday toll service, thus permitting your orator to increase its net revenues per annum $2,279.81."

No answer has been filed by the defendant to the amendment, nor does it appear that the defendant has had notice of the amendment.

The bill is presented to me that an order may be made setting the amended bill down for hearing on the motion and prayer of the complainant for an injunction pendente lite, and that notice of the motion may be given to the defendant. An order to that effect will, of course, be made.

The complainant also asks me to immediately grant an order "restraining and enjoining said Railroad Commission of Louisiana from in any manner interfering with your orator in charging extra for submarine cable service for both toll line and exchange service, and restraining the said Railroad Commission from instituting or authorizing or directing any other to prosecute or institute any suit or suits, action or actions, against your orator for the recovery of any fines or penalties, or taking any action looking to the assessment of any fines or penalties under and by virtue of any of the provisions of the Constitution of Louisiana herein recited, by reason of your orator and the officers and agents of your orator, or either of them, putting into effect the changes herein specified." This order, if made, would remain in effect till the hearing of the motion for the injunction.

The following is the only statute conferring the authority to grant the order asked for:

"Whenever notice is given of a motion for an injunction out of a Circuit or District Court, the court or judge thereof may, if there appears to be danger of irreparable injury from delay, grant an order restraining the act sought to be enjoined until the decision upon the motion; and such order may be granted with or without security, in the discretion of the court or judge." Rev. St. U. S. § 718 [U. S. Comp. St. 1901, p. 580].

Cases are often presented in which it is the duty of the court to grant a temporary restraining order on an ex parte application under this statute, and in some of them the very purpose of the injunction would be defeated by the notice unless it was accompanied by a temporary restraining order. And many cases occur in which it seems equitable and just that the existing state and condition of the parties or the property involved should be preserved and maintained from the serving of the notice till the motion is heard. The statute, properly applied, reasonably limited in its application, is very useful in protecting the rights of litigants. Such an order, however, is not proper in all injunction suits. The statute itself in plain terms limits its application to cases where "there appears to be danger of irreparable injury." It is contended by the complainant that it would suffer irreparable injury if not permitted to increase its charges for cable messages immediately; that such injury would occur by a delay of 20 days, when the motion for the preliminary injunction may be heard. This contention is based on the assumption that the court will certainly hold that the present rate of charges is unjust and unreasonable. On this question there is nothing before me, on the one hand, except the amended bill of the complainant, and, on the other hand, the finding and decision of the Commission. The bill asserts, and states facts tending to show, that the present rates are unjust and unreasonable. The decision of the Commission refusing to allow the increased charges is, in effect, a holding that the present rates are reasonable and just. Should the sworn bill, on this motion, prevail over the Commission's decision? The Commission refused to allow the increased rate after a hearing at which was presented all the evidence which the complainant chose to present. The bill before me does not show, and could not properly show, what evidence was offered before the Commission. It is alleged that the Commission had before it as

evidence "the record in causes 61 and 66" and the "sworn statement of your orator's auditor"; and the pleader adds that there was no other evidence "so far as your orator is aware." Evidently the Commission does not agree with the complainant as to the effect of the evidence offered by the complainant, or it had other and further evidence before it of which the complainant was not aware. To grant the temporary restraining order would be to suspend or vacate the order of the Commission till the hearing of the motion for the temporary injunction on the assertions of the complainant as to the effect of evidence which has been held by the Commission insufficient to sustain the complainant's contentions. To grant the order would be to make the averments of the bill override the formal decision of the Commission on a question of fact. The Railroad Commission of Louisiana consists of three commissioners, who act under the authority of the Constitution of the state. Their decision is entitled to respect and consideration, and, to say the least, their findings and decisions on questions of fact should be treated as prima facie correct.

The Commission's decision is subject to judicial review, and, in cases where it has fixed a rate, a party in interest, dissatisfied with the rate fixed, may suspend its operation without injunction, to the extent of avoiding all fines and penalties, by suit in a court of competent jurisdiction. Const. La. arts. 285, 286. In the present case the bill is not presented to complain of a rate fixed by the Commission without complainant's consent, but the injunction is sought to enable the complainant to fix a higher rate than the one now existing, without the permission of the Commission; and, in asking for the injunction, the complainant assumes that articles 285 and 286 are inapplicable, and that an injunction is necessary to protect the complainant against fines and penalties.

In considering this motion, I have had in view the fact that the preliminary restraining order is not asked, as is usually the case, to preserve an existing status. but it is asked to enforce a change from lower to higher rates. The complainant, wishing to increase its charges, seeks the order to prevent action by the Commission which would tend to preserve existing conditions. In this case therefore to refuse to grant the order is to hold that the present conditions shall prevail till both sides may be heard on the motion.

After carefully considering all the circumstances disclosed by the record before me, I have concluded that it would not be a proper exercise of judicial discretion to grant the preliminary restraining order.

As to whether a preliminary injunction should be issued on the hearing of the motion, or a permanent injunction when the cause is tried, are questions not ready for decision, and as to such questions I do not mean to intimate any opinion.

The motion for a temporary restraining order is denied.